**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **INTERNATIONAL ASSOCIATION OF**<br>**MACHINISTS AND AEROSPACE WORKERS,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Civil Action No. 3:93-cv-0648** |
| **TENNESSEE VALLEY AUTHORITY,** | ) ) | **Judge Thomas A. Wiseman, Jr.** |
| **Defendant,** | ) ) | |
| | | *Consolidated with* |
| **TENNESSEE VALLEY TRADES AND**<br>**LABOR COUNCIL,** | ) ) ) | |
| **Plaintiff and Counter-Defendant,** | ) ) | |
| **v.** | ) ) | **Civil Action No. 3:93-cv-760** |
| **TENNESSEE VALLEY AUTHORITY,** | ) ) | **Judge Thomas A. Wiseman, Jr.** |
| **Defendant and Counter-Plaintiff.** | ) | |

**MEMORANDUM ORDER**

This matter has been closed since August 1996, when this Court entered an Order denying the motion for summary judgment filed by defendant Tennessee Valley Authority ("TVA"), granting the motion filed by plaintiff International Association of Machinists and Aerospace Workers ("IAM") to confirm and enforce a certain arbitration award, and dismissing the case. (Doc. Nos. 70 (Memorandum Opinion) and 71 (Order).) After that decision was affirmed by the Sixth Circuit on appeal, this matter remained dormant until late 2000, when IAM sought to reopen it in order to have the matter remanded to the arbitrator for further implementation of the same arbitration award. That motion to reorder was denied and the parties were directed to submit the dispute to the dispute resolution procedures established under the General Employment Agreement between the parties. (Doc. No. 85.)

Now before the Court is another motion by IAM to re-open these consolidated actions for the purpose of conducting a civil contempt show-cause hearing to determine whether TVA should be held in contempt. In support of this motion, IAM alleges that "TVA recently violated a specific court order of this Court by contracting with an outside company for the performance of maintenance work normally

performed by TVA employees who are represented by IAM." (Doc. No. 86, at 1.) Specifically, the dispute concerns the fact that TVA contracted out to a third party, Stowers Equipment Company, the complete overhaul and rebuilding of a bulldozer owned by TVA that has been regularly repaired and maintained by IAM-represented TVA employees for a number of years. IAM asserts that this Court's Memorandum and Opinion issued in August 1996 "confirmed and enforced arbitration awards issued by Ed W. Bankston who had directed TVA to 'cease and desist' from contracting out regular maintenance work performed by IAM-represented employees. (*Id.*) IAM maintains that TVA, by contracting with an outside company to overhaul the bulldozer rather than having that work performed by permanent/annual TVA employees represented by IAM, violated the arbitration decisions issued by Arbitrator Bankston as well as this Court's order enforcing the arbitration award (specifically, the Second Supplemental Award).

According to TVA on the other hand, the language in the Second Supplemental Award that directed TVA to "cease and desist from any and all contracting out of regular maintenance work" "has been the subject of extensive proceedings in this Court and the Sixth Circuit. It has also been the subject of lengthy negotiations among the parties, a second arbitration proceeding before arbitrator Bernard Cantor, and a May 2003 settlement agreement in which IAM agreed that the parties had resolved all matters arising out of the Bankston arbitration awards." (Doc. No. 92, at 2.) TVA maintains that (1) the Court's order enforcing the Bankston arbitration awards contained no specific injunctive restraint over future behavior, without which IAM has no basis for bringing a civil contempt proceeding; (2) the May 2000 settlement agreement precludes IAM from reopening this proceeding to litigate new claims; and (3) IAM filed a grievance concerning the claim regarding TVA's contracting out the work to overhaul the bulldozer and, until those claims have been exhausted in accordance with the parties' collective bargaining agreement, this Court lacks subject matter jurisdiction over IAM's new claim.

The Court agrees that it is not appropriate to re-open this proceeding to conduct a civil contempt hearing. As TVA points out, in this Court's original Memorandum Opinion issued on August 8, 1996, the Court characterized the "general issue" before arbitrator Bankston as follows: "According to the General Agreement between the parties, what is the proper distribution of Schedule B work as it relates to [IAM] and the [Operating Engineers]?" (Doc. No. 71, at 7.) In considering that question, the Court continued:

> TVA maintains that the arbitrator's ruling on TVA's authority to contract out work was an issue beyond the agreed-upon submission, and therefore the Second Supplemental Award is unenforceable.
>
> TVA's argument mischaracterizes the Second Supplemental Award as concerning a grievance of a matter separate from the one that was the subject of the Initial and Supplemental Award. The issue decided by the arbitrator in the Second Supplemental Award was not whether TVA has some broad power to contract out work, but whether TVA could avoid the full implementation of the Initial and Supplemental Awards by contracting work under the PMMA, which otherwise would be Schedule B work which IAM was entitled to receive.

(Doc. No. 70, at 8.)  The Sixth Circuit affirmed, expressly recognizing that "[t]he arbitrator's Second Supplemental Award was not a determination as to whether TVA could contract out hourly work under the subsequent Framework Agreement.  It was an enforcement of the initial resolution to the Schedule B work dispute, which TVA attempted to avoid."  *Int'l Ass'n of Machinists and Aerospace Workers v. Tenn. Valley Auth.*,  155 F.3d 767, 772 (6th Cir. 1998).  On that basis, the appellate court held that this Court's "ruling as to the scope of the arbitrator's authority was correct."  *Id.*

In other words, arbitrator Bankston did not expressly direct TVA to "cease and desist" from all contracting out but from contracting out in violation of the initial arbitration award.  The Court's order enforcing the arbitration awards therefore cannot be construed as a specific injunction against TVA not to contract out any work in the future.  Based on the parties' filings, it is apparent to the Court that the dispute that has arisen is a new one involving different facts, different circumstances and a different issue than those resolved in the original arbitration (and the second arbitration, and the settlement agreement reached in 2003).  IAM may not reopen this case to litigate new claims.  Rather, as IAM clearly is aware, new claims must be addressed under the grievance procedure to which the parties have agreed.  In fact, IAM has apparently already filed a grievance pertaining to the issue raised here, so it is likely that this Court lacks jurisdiction to consider the claim anyway.  *Cf. Wilson v. Int'l Bd. of Teamsters*, 83 F.3d 747, 753 (6th Cir. 1996); *Durham v. Mason & Dixon Lines, Inc.*, 404 F.2d 864, 865 (6th Cir. 1968).

For all of these reasons, IAM's motion to re-open this matter and conduct a civil contempt hearing (Doc. No. 86) is hereby **DENIED**.

It is so ORDERED.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge